IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02866-BNB

DAVID AND KAREN WILLIAMSON,

    Plaintiffs,

v.

CHRIS BERNARD &, dba VICC Vacation Time Condominiums@VICC
    Colorado Springs@VICC,
VACATION TIME CONDOMINIUMS, Brownsville, Texas,
SOUTH SHORE LAKE RESORT HOT SPRINGS,
GEOFFREY A. BALLOTTI,
RCI GROUP,
RCI-RESORT CONDOMINIUMS INTERNATIONAL, and
WYNDHAM EXCHANGE AND RENTALS RESORTS CONDOMINIUM INTL,

    Defendants.

## ORDER OF DISMISSAL

Plaintiffs, David and Karen Williamson, proceeding *pro se*, submitted two motions for leave to proceed without prepayment of fees or costs, one of which was signed by Karen Williamson (ECF No. 3) and one of which was unsigned (ECF No. 2). Neither motion was legible. They also submitted a Complaint that only Karen Williamson signed (ECF No. 1).

The Court reviewed the documents and determined they were deficient. Therefore, on October 31, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Plaintiffs to cure certain deficiencies within thirty days if they wished to pursue their claims. The October 31 order pointed out that each Plaintiff needed to submit on the proper, Court-approved form a Motion and Affidavit for Leave

to Proceed Pursuant to 28 U.S.C. § 1915 that was signed and legible. The October 31 order also pointed out that the Complaint needed to be submitted on the proper, Court-approved form; provide addresses for each named Defendant; be signed by both Plaintiffs; and list identical party names in both the caption to and text of the Complaint. The October 31 order directed Plaintiffs to obtain the Court-approved forms to file the Complaint and motions and affidavits for leave to proceed pursuant to 28 U.S.C. § 1915, along with the applicable instructions, at www.cod.uscourts.gov. Plaintiffs were warned that if either Plaintiff failed to cure the designated deficiencies within the time allowed, that Plaintiff would be dismissed as a party to this action.

Plaintiffs have failed to cure the designated deficiencies within the time allowed, or otherwise to communicate with the Court in any way. Therefore, the action will be dismissed without prejudice for Plaintiffs' failure to cure the deficiencies designated in the October 31 order to cure, and for their failure to prosecute.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for the failure of Plaintiffs, David and Karen Williamson, to cure the deficiencies designated in the order to cure of October 31, 2012,

and for their failure to prosecute. It is

FURTHER ORDERED that the motions for leave to proceed pursuant to 28 U.S.C. § 1915 (ECF Nos. 2 and 3) are denied as moot. It is

FURTHER ORDERED that any other pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  10th  day of    December   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court